STEARNS WEAVER MILLER
WEISLLER ALHADEFF &
SITTERSON P.A.
Darrell W. Payne, *pro hac vice*
Fla. Bar No. 773300
dpayne@stearnsweaver.com
Veronica L. de Zayas, *pro hac vice*
Florida Bar No. 91284
vdezayas@stearnsweaver.com
150 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-2650

IRELL & MANELLA LLP
Bruce A. Wessel, SBN 116734
bwessel@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:   (310) 203-7199

Attorneys for Defendant
Econocaribe Consolidators, Inc.

FERNALD LAW GROUP APC
Brandon C. Fernald (Bar No. 222429)
Adam P. Zaffos (Bar No. 217669)
Sasha N. Brower (Bar No. 221198)
15910 Ventura Blvd., Suite 1702
Encino, California 91436
Telephone:    (323) 410-0320
Facsimile:     (323) 410-0330
brandon.fernald@fernaldlawgroup.com
adam@fernaldlawgroup.com
sasha@fernaldlawgroup.com

Attorneys for Defendant and
Counterclaimant
Groupage Services of New England,
LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANGUARD LOGISTICS SERVICES (USA), INC., formerly known as NACA LOGISTICS (USA), INC.,<br><br>Plaintiff,<br><br>vs.<br><br>GROUPAGE SERVICES OF NEW ENGLAND, LLC; ECONOCARIBE CONSOLIDATORS, INC., d/b/a ECU WORLDWIDE & ECU WORLDWIDE (USA); and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-00517-DSF<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS**<br><br>Date:  Monday, January 10, 2022<br>Time:  1:30 p.m.<br>Judge:  Hon. Dale S. Fischer<br>Ctrm:   7D<br><br>*[Filed concurrently with Defendants' Oppositions to Plaintiff's Motion for Summary Judgment and Defendants' Joint Statement of Genuine Disputes and accompanying declarations]* |

11045006.2

# INTRODUCTION

Defendants Groupage Services of New England, LLC ("NEG") and Econocaribe Consolidators, Inc. ("ECU") (collectively, "Defendants") hereby submit these evidentiary objections to the evidence used by Plaintiff Vanguard Logistics Services (USA), Inc. ("Vanguard" or "VLS") to support "Plaintiff's Separate Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgment." ("Plaintiff's Sep. Statement"). All of Defendants' Evidentiary Objections relate to the Declaration of George P. Hassapis (Dkt. 128-37).

There are several types of objections to the Hassapis Declaration set forth below. One type, lack of personal knowledge, deserves a preliminary general description. Defendants object to certain portions of the Hassapis Declaration under Federal Rule of Evidence 602 because Vanguard has not provided (and cannot provide) evidence that Mr. Hassapis has personal knowledge of events prior to August 2019 when Mr. Hassapis first became employed at Vanguard. F.R.E. 602; *Scharer v. OneWest Bank, FSB*, Case No. CV 13-80 DSF (AGRx), 2014 WL 12558124, at *2 n.3 (C.D. Cal. Sept. 8, 2014).

Mr. Hassapis is currently the general counsel of Vanguard (Hassapis Decl. ¶ 5) but his employment with Vanguard did not begin until August 2019 (*Id.* ¶ 4). The contract termination at the center of this litigation occurred in December 2017. Sometimes Mr. Hassapis indicates his statements about the period before he joined the company are made on "information and belief" (Hassapis Decl. ¶¶ 13, 14, 16) but he does not say who informed him of these matters (and such information would likely be inadmissible hearsay). In other places, Mr. Hassapis claims that Vanguard as a company "did not know" certain things in 2016 and 2017, but he does not explain how he knows today that no one at Vanguard knew any of these things in that timeframe. *See, e.g.*, Hassapis Decl. ¶ 21 (stating that "VLS was unaware in November 2016" that ECU and NEG were talking); *id.* ¶ 22 (stating "VLS did not know" about discussions between ECU and NEG in 2016 and 2017). Vanguard is

using Mr. Hassapis as a witness to testify when Vanguard first learned of certain things but Mr. Hassapis did not even work at Vanguard when he says the first knowledge occurred. Some unidentified person must have told him this.

Defendants' specific objections, organized to track the paragraph numbers of Plaintiff's Separate Statement of Uncontroverted Facts, are set forth below.

## SPECIFIC OBJECTIONS

**PLAINTIFF'S SEP. STATEMENT ¶ 12:**

Vanguard relies on Paragraph 13 of the Hassapis Declaration to describe NEG's business in 2017. Mr. Hassapis does not have personal knowledge of NEG's business. F.R.E. 602.

**PLAINTIFF'S SEP. STATEMENT ¶ 13:**

Vanguard relies on Paragraph 13 of the Hassapis Declaration to describe the Agency Agreement and the existence of other agreements. The Agency Agreement is the best evidence of its terms. F.R.E. 1002. Argument from Mr. Hassapis is inadmissible. F.R.E. 701. Mr. Hassapis does not have personal knowledge as to whether there were "any other agreements." F.R.E. 602.

**PLAINTIFF'S SEP. STATEMENT ¶ 14:**

Vanguard relies on Paragraph 13 of the Hassapis Declaration to support an explanation of NEG's business. Mr. Hassapis does not have personal knowledge of how NEG's business worked in 2017 or before. F.R.E. 602.

**PLAINTIFF'S SEP. STATEMENT ¶ 32:**

Vanguard relies on Paragraph 21 of the Hassapis Declaration to support the statement that Vanguard was "unaware in November 2016 that any communications were occurring" between ECU and NEG. Mr. Hassapis has no personal knowledge of what everyone at Vanguard did or did not know in that timeframe, and therefore this paragraph is inadmissible. F.R.E. 602.

**PLAINTIFF'S SEP. STATEMENT ¶ 43:**

Vanguard relies on Paragraph 15 of the Hassapis Declaration to make legal arguments about exclusive rights. These are improper legal conclusions offered by a lay witness and inadmissible. *Evangalista v. Inlandboatmen's Union of the Pac.*, 777 F.2d 1390, 1398 n.3 (9th Cir. 1985) (lay witness's "opinion as to the correct construction of the collective bargaining agreement . . . is an inadmissible legal conclusion"); F.R.E. 701.

**PLAINTIFF'S SEP. STATEMENT ¶ 44:**

Vanguard relies on Paragraph 15 of the Hassapis Declaration to make legal arguments about exclusive rights and the impact of a change in CFS locations on the agreement. These are improper legal conclusions offered by a lay witness and inadmissible. *Evangalista v. Inlandboatmen's Union of the Pac.*, 777 F.2d 1390, 1398 n.3 (9th Cir. 1985) (lay witness's "opinion as to the correct construction of the collective bargaining agreement . . . is an inadmissible legal conclusion"); F.R.E. 701.

**PLAINTIFF'S SEP. STATEMENT ¶ 50:**

Vanguard relies on Paragraphs 21 and 22 of the Hassapis Declaration to show what Vanguard did not know in 2017. Mr. Hassapis has no personal knowledge of what everyone at Vanguard did or did not know, and therefore this paragraph is inadmissible. F.R.E. 602.

**PLAINTIFF'S SEP. STATEMENT ¶ 55:**

Vanguard relies on Paragraph 18 of the Hassapis Declaration to demonstrate that the first time NEG discussed termination with Vanguard was in the December 21, 2017 letter from Michael Fencer. Mr. Hassapis has no personal knowledge of what everyone at Vanguard knew or did not know prior to December 21, 2017. This paragraph is inadmissible. F.R.E. 602.

**PLAINTIFF'S SEP. STATEMENT ¶ 59:**

Vanguard relies on Paragraph 22 of the Hassapis Declaration to support its contention that Vanguard "did not know" certain things about 2016 and 2017 prior to discovery in this action. Mr. Hassapis does not have personal knowledge of what everyone did or did not know in 2016 and 2017, nor does he explain the basis for his statement. F.R.E. 602. Moreover, Mr. Hassapis attaches as Exhibit C the December 21, 2017 letter of Terry Groff to Michael J. Fencer, which states: "It also has come to our [Vanguard's] attention that NEG has . . . provid[ed] services to ECU . . . ." (Hassapis Decl. Ex. C). Thus Vanguard did have at least some knowledge prior to December 21, 2017 of business dealings between ECU and NEG.

**PLAINTIFF'S SEP. STATEMENT ¶ 60:**

Vanguard relies on Paragraph 20 of the Hassapis Declaration to opine on current NEG and ECU's business that was formerly NEG Vanguard business. Mr. Hassapis has no personal knowledge of this nor does he identify any such customers in his declaration. F.R.E. 602. Notably, neither Karl Laufer nor David Sanchoyerto—both of whom were at Vanguard in the relevant timeframe and both of whom submit declarations in support of Vanguard's motion—address this issue. As a factual matter, the argument that Vanguard lost all business is not true. Vanguard hired Joe Pimentel on December 21, 2017, the day of the termination, and he had extensive contact with Vanguard's customers retaining many, as evidenced by documentary evidence. Wessel Decl. Exs. 7 and 8; Supp. Wessel Decl. Exs. 24–27.

**PLAINTIFF'S SEP. STATEMENT ¶ 77:**

Vanguard relies on Paragraph 23 of the Hassapis Declaration to explain what Vanguard did in March 2018. Mr. Hassapis has no personal knowledge of what Vanguard did in that timeframe nor does he state the basis for his statement. That paragraph is inadmissible. F.R.E. 602.

**PLAINTIFF'S SEP. STATEMENT ¶ 87:**

Vanguard relies on Paragraph 25 of the Hassapis Declaration to state what NEG allegedly did not do before the fourth quarter of 2017. Mr. Hassapis has no personal knowledge of that timeframe, nor does he state the basis for his statement. That paragraph is inadmissible. F.R.E. 602.

Dated: December 10, 2021

IRELL & MANELLA LLP
Bruce A. Wessel

By: /s/ Bruce A. Wessel
 Bruce A. Wessel

Attorney for Defendant
Econocaribe Consolidators, Inc.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

By: /s/ Darrell Payne
 Darrell Payne

*Pro Hac Vice* Counsel for Defendant Econocaribe Consolidators, Inc.

FERNALD LAW GROUP APC
ADAM P. ZAFFOS

By: /s/ Adam P. Zaffos
 Adam P. Zaffos
 Attorneys for Defendant and Counterclaimant Groupage Services of New England, LLC

11045006

- 6 -

## **Attestation of Concurrence in Filing**

In accordance with Local Rule 5-4.3.4(a)(2)(i), I attest that concurrence in the content and filing of this stipulation has been obtained from each of the other signatories who are listed on the signature page.

Dated:  December 10, 2021   Irell & Manella LLP


By: _____/s/ Bruce A. Wessel_____
    Bruce A. Wessel
    Attorneys for Defendant
    Econocaribe Consolidators, Inc.