| | |
|---|---|
| STEARNS WEAVER MILLER<br>WEISLLER ALHADEFF & SITTERSON<br>P.A.<br>Darrell W. Payne, pro hac vice<br>Fla. Bar No. 773300<br>dpayne@stearnsweaver.com<br>Veronica L. de Zayas, pro hac vice<br>Florida Bar No. 91284<br>vdezayas@stearnsweaver.com<br>150 West Flagler Street, Suite 2200<br>Miami, FL 33130<br>Telephone: (305) 789-3200<br>Facsimile: (305) 789-2650<br><br>IRELL & MANELLA LLP<br>Bruce A. Wessel, SBN 116734<br>bwessel@irell.com<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067-4276<br>Telephone: (310) 277-1010<br>Facsimile: (310) 203-7199<br><br>Attorneys for Defendant<br>Econocaribe Consolidators. Inc. | FERNALD LAW GROUP APC<br>Brandon C. Fernald (Bar No. 222429)<br>Adam P. Zaffos (Bar No. 217669)<br>Sasha N. Brower (Bar No. 2211198)<br>15910 Ventura Blvd., Suite 1702<br>Encino, California 91436<br>Telephone: (323) 410-0320<br>Facsimile: (323) 410-0330<br>brandon.fernald@fernaldlawgroup.com<br>adam@fernaldlawgroup.com<br>sasha@fernaldlawgroup.com<br><br>Attorneys for Defendant and Counterclaimant<br>Groupage Services of New England, LLC |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANGUARD LOGISTICS SERVICES (USA), INC,<br><br>Plaintiff,<br><br>vs.<br><br>GROUPAGE SERVICES OF NEW ENGLAND, LLC; ECONOCARIBE CONSOLIDATORS, INC; AND DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-00517-DSF-GJS<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE TO PRECLUDE ARGUMENT ABOUT A POST-TERMINATION VIOLATION OF THE NON-COMPETE**<br><br>PRETRIAL CONFERENCE:<br>October 3, 2022, 3:00 PM<br>TRIAL DATE:<br>October 18, 2022<br>Judge: Hon. Dale S. Fischer<br>Ctrm: 7D |

## NOTICE OF MOTION AND MOTION

Pursuant to Federal Rule of Evidence 403, Defendant EconoCaribe Consolidators, Inc. ("ECU") and Defendant Groupage Services of New England, LLC ("NEG") move for an order precluding Plaintiff Vanguard Logistics Services (USA), Inc. ("Vanguard" or "VLS") from arguing at trial that there was a violation of the non-compete provision in the Agency Agreement between VLS and NEG **after** the term of the Agency Agreement. This motion is based on VLS's response to ECU's Request for Admission No. 3. In compliance with Local Rule 7-3, the parties met and conferred on this motion on August 18, 2022 and by email exchanges.

If this motion is not granted, the Court will be called upon to decide whether the post-termination non-compete is valid and enforceable under California law, including an analysis of the antitrust rule of reason as applied to non-vessel common carrier agent market in New England. If this motion is granted, there will be no need for the Court to address that question.

## THE PARTIES' POSITIONS

Section 2.02(a) of the Agency Agreement between VLS and NEG dated April 17, 2008 (the "Agreement") provides: "During the term of this Agreement, and thereafter for a period of one (1) year after termination of the Agreement, NEG shall not" compete with VLS or "engage or participate in any effort or act to divert or take away . . ., call on or solicit . . . any [VLS] customer . . . ." Agreement Section 2.02(a)(the "Non-Compete"), Wessel Decl. Ex. A.

Vanguard's breach of contract claim alleges that NEG breached the Agreement by "[p]urporting to terminate the contract without providing the requisite minimum 90 days written notice," among other reasons. Second Amended Complaint ("SAC"), First Cause of Action ¶ 32(a).

ECU's Request for Admission No. 3 asked Vanguard to: "Admit that Vanguard's breach of contract claim, the First Cause of Action, is not based on and

does not allege a breach of Section 2.02(a) of the Agency Agreement." ECU's response included these two statements:

- "Admit that Vanguard's breach of contract claim is not based upon and does not allege a breach of Section 2.02(a) of the Agency Agreement for conduct that occurred after the term of the Agreement . . . ."

- "Deny with respect to wrongful conduct that took place during the term of the Agency Agreement."

Plaintiff Vanguard Logistics Services (USA), Inc.'s Response to Econocaribe's Consolidators, Inc.'s First Set of Requests for Admission ("RFA"), VLS Response to RFA No. 3, Wessel Decl. Ex. B at p. 3. Vanguard's response was verified by its General Counsel, George Hassapis. *Id.* at p. 18.[1]

Vanguard unambiguously admitted in response to RFA No. 3 that this case concerns alleged breaches of Section 2.02(a) "during the term" of the Agreement and does not concern alleges breach of Section 2.02(a) "for conduct that occurred after the term of the Agreement." Accordingly, Vanguard should be precluded at trial from arguing that the non-compete provisions in Section 2.02(a) were violated after the term of the Agreement.

Counsel exchanged emails on this motion on August 15, 25, and 26. Wessel Decl. Ex. C. VLS's position is that even though it conceded that the breach of contract claim is not based on a post-termination violation of the Non-Compete, that was not a concession that the Non-Compete is unenforceable under California law and that in its declaratory relief claim VLS sought a ruling that the Non-Compete prohibited post-termination competition for a year. SAC, Sixth Cause of Action ¶ 60(f) ("NEG was prohibited from directly or indirectly competing against plaintiff for one year following the termination of the AGENCY AGREEMENT").

---

[1] The full response to RFA No. 3 references "misappropriation of trade secrets." VLS dropped that claim so the reference is no longer relevant. See "Order Conditionally Granting Motion for Leave to File Second Amended Complaint" Dkt No. 96 and SAC.

There is no need for this Court to decide whether or not the Non-Compete is enforceable under California law post-termination because that is not a liability or damages issue in this case given VLS's admission that it is not an issue in the breach of contract claim. Indeed, there is no case or controversy, and no jurisdiction under Article III, for this court to decide this hypothetical issue.

Defendants' position is that NEG did not breach Section 2.02(a) during the term of the Agreement. Defendants are not arguing that Section 2.02(a) was unenforceable as a matter of law during the term of the Agreement. Defendants do not believe that Section 2.02(a) is enforceable under California law after the term of the Agreement, but there is no need to decide that issue in this case and it would be a waste of everyone's time to litigate that issue here given that Vanguard is not asserting a claim based on a post-termination violation.

**IXCHEL PRESENTS A COMPLEX QUESTION UNDER CALIFORNIA LAW**

In 2019, when ECU asked VLS to admit that Section 2.02(a) was not enforceable under California law, VLS stated: "Deny that the entirety of Section 2.02(a) of the Agency Agreement is unenforceable under California law." Wessel Decl. Ex. B at p. 2 (Response to RFA No. 1). Implicit in this statement was the suggestion that part of Section 2.02(a) might be unenforceable under California law and the response was consistent with the different treatment of the non-compete during the term and after the term in response to RFA No. 3.

In 2020, *Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal.5th 1130 (2020) held that while employee non-competes are *per se* unenforceable, "a rule of reason applies to determine the validity of a contractual provision by which a business is restrained from engaging in a lawful trade or business with another business." *Id.* at 1162. VLS contends that it wants to argue under the "rule of reason" that its Non-Compete is enforceable post-termination. Wessel Decl. Ex. C. As noted above, there is no reason (or jurisdiction) to decide that question in this case. The question is complex, as post-*Ixchel* cases have noted.

In *Quidel Corporation v. Superior Court of San Diego County*, 57 Cal.App.5th155 (2002), the Court of Appeal explained that post-*Ixchel*, the enforceability of business-to-business non-competes requires an analysis under anti-trust law and depends on whether the restriction "tends to restrain trade more than promote it . . . is not necessary to protect the respective parties in dealing with each other . . . or forecloses a substantial share of the line of commerce." *Id.* at 171 (citations omitted).

In *NuLife Ventures, Inc. v. Avacen, Inc.*, 2020 WL 7318122 (S.D. Cal. Dec. 11, 2020) a district court refused to enforce a business-to-business non-compete in an injunction proceeding, finding that the provision failed the rule of reason test because it limited the ability of defendants to practice their profession. There have been similar rulings in other cases and the law is continuing to develop.

In *Sandler Partners, LLC v. Masergy Communication, Inc.*, 848 Fed.Appx. 798 (9th Cir. 2021) (Mem.), the Ninth Circuit explained: "In light of *Ixchel*, the non-compete provision . . . must be evaluated under the rule of reason. This analysis is heavily factual. . . a court must . . . examin[e] the facts peculiar to the business in which the restraint is applied, the nature of the restraint and its effects, and the history of the restraint and the reasons for its adoption." These issues would greatly complicateand lengthen the trial. Defendants relied on VLS's response to RFA No. 3 and none of the parties offered expert testimony on the rule of reason question. After the RFA No. 3 response, Defendants reasonably believed that post-termination enforcement of the non-compete was not an issue in this case.

Defendants believe that the VLS Non-Compete is unenforceable post-termination. VLS believes the opposite. But this disagreement is academic and need not be addressed in this proceeding.

| | | |
|---|---|---|
| 1 | Dated: September 2, 2022 | IRELL & MANELLA LLP<br>Bruce A. Wessel |

Dated: September 2, 2022

IRELL & MANELLA LLP
Bruce A. Wessel


By: /s/ Bruce A. Wessel
     Bruce A. Wessel


STEARNS WEAVER MILLER
WEISSLER ALHADEFF & SITTERSON, P.A.


By: /s/ Darrell Payne
     Darrell Payne


Attorneys for Defendant
EconoCaribe Consolidators, Inc.


FERNALD LAW GROUP APC
ADAM P. ZAFFOS

By: /s/ Adam P. Zaffos
     Adam P. Zaffos


Attorneys for Defendant and
Counterclaimant Groupage Services of
New England, LLC

- 5 -
MOTION IN LIMINE RE NON COMPETE

# **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276.

On September 2, 2022, I served the foregoing document described as Motion in Limine to Preclude Argument About a Post-Termination Violation of the Non-Compete on each interested party, by email, as follows:

| David S Porter, Esq.<br>Law Offices of David S. Porter<br>17011 Beach Blvd., Suite 900,<br>Huntington Beach, CA 92647 | Telephone: (714) 444-5992<br>Fax: (714) 960-9229<br>Email:<br>dporter@dporterlaw.com | Attorneys for Plaintiff, Vanguard Logistics Services (USA), Inc. |
|---|---|---|
| Merak Eskigian<br>Mark Goshgarian<br>Goshgarian and Associates PLC<br>23901 Calabasas Road, Suite 2073<br>Calabasas, CA 91302-1542 | Telephone: (818) 519-9000<br>Fax: (818) 591-0810<br>Email:<br>meskigian@gmlawplc.net<br>Email:<br>mgoshgarian@gmlawplc.net | Attorneys for Plaintiff, Vanguard Logistics Services (USA), Inc. |
| Adam P. Zaffos, Esq.<br>Fernald Law Group APC<br>510 West 6th Street, Suite 700<br>Los Angeles, CA 90014 | Telephone: (323) 410-0327<br>Facsimile: (323) 410-0330<br>Email:<br>adam@fernaldlawgroup.com | Attorneys for Groupage Services of New England, LLC a Massachusetts limited liability company |

| | | |
|---|---|---|
| Darrell Payne, Esq.<br>Veronica de Zayas, Esq.<br>Stearns Weaver Miller<br>Weissler Alhadeff &<br>Sitterson, P.A.<br>150 W. Flagler Street<br>Suite 2200<br>Miami, FL 33130 | Telephone: (305) 789-3200<br>Fax: 305-789-2650<br>Email:<br>dpayne@stearnsweaver.com<br>vdezayas@stearnsweaver.com | Attorneys for<br>Econocaribe<br>Consolidators, Inc. |
| Bruce Wessel, Esq.<br>Irell & Manella LLP<br>1800 Avenue of the Stars<br>Suite 900<br>Los Angeles, CA 90067 | Telephone: (310) 203-7045<br>Email: BWessel@irell.com | Attorneys for<br>Econocaribe<br>Consolidators, Inc. |

☐   (BY MAIL)  I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party, as stated on the attached service list.  I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Irell & Manella LLP, Los Angeles, California.  I am readily familiar with Irell & Manella LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☒   (BY ELECTRONIC MAIL)  I caused the foregoing document to be served electronically by electronically mailing a true and correct copy through Irell & Manella LLP's electronic mail system to the e-mail address(es), as stated on the attached service list, and the transmission was reported as complete and no error was reported.

Executed on September 2, 2022, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| | |
|---|---|
| Bruce A. Wessel | /s/ Bruce A. Wessel |
| (Type or print name) | (Signature) |

## MAILING LIST

| David S Porter, Esq.<br>Law Offices of David S. Porter<br>17011 Beach Blvd., Suite 900,<br>Huntington Beach, CA 92647<br>(by e-mail only) | Telephone: (714) 444-5992<br>Fax: (714) 960-9229<br>Email: dporter@dporterlaw.com | Attorneys for Plaintiff, Vanguard Logistics Services (USA), Inc. |
|---|---|---|
| Adam P. Zaffos, Esq.<br>Fernald Law Group APC<br>510 West 6th Street, Suite 700<br>Los Angeles, CA 90014 | Telephone: (323) 410-0327<br>Facsimile: (323) 410-0330<br>Email: adam@fernaldlawgroup.com | Attorneys for Groupage Services of New England, LLC a Massachusetts limited liability company |
| Darrell Payne, Esq.<br>Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.<br>150 W. Flagler Street<br>Suite 2200<br>Miami, FL 33130 | Telephone: (305) 789-3200<br>Fax: 305-789-2650<br>Email: dpayne@stearnsweaver.com | Attorneys for Econocaribe Consolidators, Inc. |
| Bruce Wessel, Esq.<br>Irell & Manella LLP<br>1800 Avenue of the Stars<br>Suite 900<br>Los Angeles, CA 90067 | Telephone: (310) 203-7045<br>Email: BWessel@irell.com | Attorneys for Econocaribe Consolidators, Inc. |