STEARNS WEAVER MILLER
WEISLLER ALHADEFF & SITTERSON P.A.
Darrell W. Payne, *pro hac vice*
Fla. Bar No. 773300
dpayne@stearnsweaver.com
Veronica L. de Zayas, *pro hac vice*
Florida Bar No. 91284
vdezayas@stearnsweaver.com
150 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-2650

IRELL & MANELLA LLP
Bruce A. Wessel, SBN 116734
bwessel@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:   (310) 203-7199

Attorneys for Defendant
Econocaribe Consolidators, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANGUARD LOGISTICS SERVICES (USA), INC., formerly known as NACA LOGISTICS (USA), INC., <br><br> Plaintiff, <br><br> vs. <br><br> GROUPAGE SERVICES OF NEW ENGLAND, LLC; ECONOCARIBE CONSOLIDATORS, INC., d/b/a ECU WORLDWIDE & ECU WORLDWIDE (USA); and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 2:18-cv-00517-DSF-GJS <br><br> DEFENDANT ECONOCARIBE CONSOLIDATORS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE BARBARA C. LUNA AND STRIKE HER REPORTS AND DECLARATION <br><br> PRETRIAL CONFERENCE: <br> October 3, 2022, 3:00 PM <br> TRIAL DATE: <br> October 18, 2022 <br> Judge: Hon. Dale S. Fischer <br> Courtroom: 7D |

DEFENDANT ECONOCARIBE CONSOLIDATORS, INC.'S REPLY ISO MOTION TO
EXCLUDE BARBARA C. LUNA AND STRIKE HER REPORTS & DECL.

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................1

ARGUMENT..........................................................................................................1

    I.    Contrary to VLS's Assertion, ECU's *Daubert* Motions Are Appropriate to Adjudicate before Trial to Further the Interests of Judicial Economy. ...............................................................1

    II.   Notwithstanding VLS's Attempts to Establish Otherwise, Luna's Opinions on Damages Are Entirely Unreliable and Inadmissible ........................................................................................3

    III.  Luna Cannot Offer Opinions of Damages Incurred after the 90-Day Period Under The Agency Agreement................................6

    IV.  VLS Implicitly Concedes That Luna's Factual Narrative and Her Opinions Regarding Damages for Unjust Enrichment and Contractual Interpretation Are Inadmissible ........................................................................................9

- i -

DEFENDANT ECONOCARIBE CONSOLIDATORS, INC.'S REPLY ISO MOTION TO
EXCLUDE BARBARA C. LUNA AND STRIKE HER REPORTS & DECL.

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Nat. Petroleum Co. v. Transcon. Gas Pipe Line Corp.*,
798 S.W. 2d 274 (Tex. 1990) ...................................................................... 8

*Bd. of Cal. Winery Workers' Pension Tr. Fund v. Vineyards*,
2018 WL 42420608 (E.D. Cal. Sept. 6, 2018) ............................................ 2

*Citrilite Co., Inc. v. Cott Beverages, Inc.*,
2011 WL 284915 (E.D. Cal. Jan. 25, 2011) ................................................ 7

*Holmes v. Home Depot USA, Inc.*,
2008 WL 4966098 (E.D. Cal. Nov. 20, 2008) ............................................ 3

*Love & War, LLC v. Wild Bunch A.G.*,
CV183773DMGPLAX, 2020 WL 3213831 (C.D. Cal. Mar. 19, 2020) ........................................................................................................... 5

*Meade Electric Co., Inc. v. Milwaukee Metro. Sewerage Dist.*,
2014 WL 12676236 (E.D. Wisc. March 3, 2014) ....................................... 2

*Merit Motors, Inc. v. Chrysler Corp.*,
569 F.2d 666 (D.C. Cir. 1977) .................................................................... 6

*N.B. Scrivner & Wilson, Inc. v. Mobil Oil Corp.*,
914 F.2d 263 (9th Cir. 1990) ...................................................................... 9

*Nuasive, Inc. v. Madsen Medical, Inc.*,
2015 WL 10943609 (S.D. Cal. 2015) ..................................................... 8, 9

*Nuveen Quality Income Mun. Fund Inc. v. Prudential Equity Grp., LLC*,
262 F. App'x 822 (9th Cir. 2008) ................................................................ 3

*Payan v. Los Angeles Cmty. Coll. Dist.*,
2021 WL 3743307 (9th Cir. Aug. 24, 2021) ............................................... 1

*Rheumatology Diagnostics Laboratory, Inc. v. Aetna, Inc.*,
2015 WL 1744330 (N.D. Cal. Apr. 15, 2015) ............................................. 4

**Page**

*Estate of Rick v. Stevens*,
  2002 WL 1713301 (N.D. Iowa July 2, 2002) ..................................................... 2

*Sebastian Int'l, Inc. v. Russolillo*,
  2005 WL 1323127 (C.D. Cal. Feb. 22, 2005) ..................................................... 6

*Snyder v. Bank of Am., N.A.*,
  2020 WL 6462400 (N.D. Cal. Nov. 3, 2020) ..................................................... 6

*Strategic Concepts, LLC v. Beverly Hills Unified Sch. Dist.*,
  232 Cal. Rptr. 3d 579 (Ct. App. 2018) .............................................................. 9

*In re Tamen*,
  22 F.3d 199 (9th Cir. 1994) ............................................................................... 8

**Statutes**

California's Unfair Practices Act. 2015 ................................................................. 4

**Other Authorities**

Rule 702 ................................................................................................................. 6

**INTRODUCTION**

EconoCaribe Consolidators, Inc. ("ECU") submits this reply in support of its Motion to Exclude Barbara C, Luna and Strike Her Reports and Declaration (Dkt. 158) ("Motion" or "Mot.") and in response to Vanguard Logistics Services (USA), Inc. ("VLS")'s Opposition to the Motion (Dkt. 170) ("Opposition" or "Opp."). The Court should disregard Luna's damages opinion because it blindly relies on Howard's inadmissible opinions on causation,[1] is contrary to established law that damages be limited to a 90-day at-will termination period, and disregards pertinent financial data without any analysis or explanation. For the reasons stated in this Reply and in the Motion, the Court should grant the Motion.[2]

**ARGUMENT**

**I.  Contrary to VLS's Assertion, ECU's *Daubert* Motions Are Appropriate to Adjudicate before Trial to Further the Interests of Judicial Economy.**

At the outset, VLS asserts that ECU's motion to exclude Luna is "inappropriate" because the Court, and not a jury, will try this matter. Opp. at 5-6. Although a district court has discretion to make its reliability determination during a bench trial, the Court should nonetheless exercise its discretion to do so before trial to further the interests of judicial economy.

A bench trial does not discharge a district court of its gatekeeping function to keep out unreliable expert testimony. *See*, *e.g.*, *Payan v. Los Angeles Cmty. Coll. Dist.*, 2021 WL 3743307, at *2 (9th Cir. Aug. 24, 2021) ("failure to engage in the

---

[1] As demonstrated in ECU's motion to exclude Howard (Dkt. 157), Howard's opinion are inadmissible because Howard had *no opinion* about whether VLS lost business or customers due to any lack of 90-days' termination notice from NEG (*see e.g.* Dkt. 157, at 10). The motion to exclude Howard should be reviewed before addressing the motion to exclude Luna because a decision on the Howard motion will greatly influence the Court's decision relating to Luna.

[2] All capitalized terms, defined terms, and abbreviations in ECU's Motion are incorporated herein.

1  *Daubert* gatekeeping inquiry was an abuse of discretion," as part of district court
2  bench trial). Most importantly, the Court should exercise its discretion to determine
3  the reliability of Luna's opinions before trial because it would ensure the expeditious
4  and evenhanded management of the trial proceedings in this case and allow the parties
5  to better formulate their trial strategy. *See Bd. of Cal. Winery Workers' Pension Tr.*
6  *Fund v. Vineyards*, 2018 WL 42420608, at *2 (E.D. Cal. Sept. 6, 2018) ("there are
7  trial management benefits to a motion in limine that are equally beneficially to a bench
8  or jury trial"). Indeed, advance rulings on relevance or admissibility of certain
9  anticipated evidence deters lengthy argument at or interruption of trial. *Bd. of Cal.*
10 *Winery Workers' Pension Tr. Fund.*, 2018 WL 42420608, at *2 (*citing Palmieri v.*
11 *Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). *See also Estate of Rick v. Stevens*, 2002
12 WL 1713301, at *2 (N.D. Iowa July 2, 2002) (granting in part motion in limine in
13 bench trial).

14      Pretrial rulings on evidence in this proceeding will be extremely beneficial to
15 the Court and the parties. For example, as noted in ECU's Reply in Support of its
16 Motion to Exclude Howard (filed this same day), VLS intends to call as many as 23
17 live witnesses "if necessary," and asserts that a court trial will require two weeks of
18 court time. *See* Dkt. 176. Nearly all of the important witnesses will need to travel from
19 out-of-state, with one of VLS's witnesses traveling from Argentina. Unless some of
20 the major evidentiary issues are addressed in the pending motions in limine, VLS will
21 present expansive testimony and evidence—much of it unreliable, irrelevant, and
22 inadmissible—and this will certainly not be a "short" trial. *Meade Electric Co., Inc.*
23 *v. Milwaukee Metro. Sewerage Dist.*, 2014 WL 12676236, at *1 (E.D. Wisc. March
24 3, 2014) ("trial management is of minimal concern in a short, 1-2 day trial of an
25 extremely narrow issue").

26      In particular, because Luna's testimony as to causation is based only upon the
27 speculative and unreliable opinions of Howard, there would be no basis for her
28

damages testimony if Howard's opinions are properly excluded. This could foreclose the need for substantial testimony from percipient witnesses about the actual, permissible causes for any reductions in business in Boston. It might be unnecessary for the Defendants' experts to testify, or would certainly limit the scope of their testimony. The Court and the parties could avoid extensive time for cross-examination of Luna, including a detailed analysis of the spreadsheet data that she relied upon, demonstrating how Luna improperly, without valid rationale or methodology, excluded millions of dollars of post-termination customer income, for example. (See below.)

## II. Notwithstanding VLS's Attempts to Establish Otherwise, Luna's Opinions on Damages Are Entirely Unreliable and Inadmissible

In its Opposition, VLS asserts that Luna's opinions are reliable because: (i) she is allowed to assume causation (Opp. at 9) and (ii) her damages calculation determines lost profits over a ten-year period based on historical revenues and did not need to consider other factors that may have caused damages. (Opp. at 6-8, 16-18). VLS's arguments are inapt.

*First*, although a damages expert may assume causation when opining on damages, she cannot do so when that assumption is unsupported by the record. "An expert may not base a conclusion upon assumptions *which are not supported by the record*, upon matters which are not reasonably relied upon by other experts, or upon factors which are speculative, remote, or conjectural." *Holmes v. Home Depot USA, Inc.*, 2008 WL 4966098, at *15 (E.D. Cal. Nov. 20, 2008). Thus, "an expert opinion is properly excluded where it relies on an assumption that is unsupported by evidence in the record and is not sufficiently founded on facts." *Nuveen Quality Income Mun. Fund Inc. v. Prudential Equity Grp., LLC*, 262 F. App'x 822, 824 (9th Cir. 2008) (citing *Guidroz-Brault v. Mo. Pac. R.R. Co.*, 254 F.3d 825, 829-31 (9th Cir. 2001)).

*Rheumatology Diagnostics Laboratory, Inc. v. Aetna, Inc.*, 2015 WL 1744330 (N.D. Cal. Apr. 15, 2015) is instructive. There, plaintiff clinical laboratories sued defendant competitors for violating California's Unfair Practices Act. 2015 WL 1744330, at *1. One of the plaintiffs offered two experts to establish that defendants damaged it by entering into below-cost contracts with independent physician associations. 2015 WL 1744330, at *17. The district court concluded that, although the expert was "asked to assume" causation when calculating the amount of lost revenue, the expert's damages analysis was speculative since it "offer[ed] no explanation as to why it was appropriate to assume" defendants' conduct damaged plaintiff and, therefore, was nothing more than an "unsupported assumption." 2015 WL 1744330, at *17.

Similarly, Luna's damages opinion is built upon unsupported assumptions. VLS does not offer any explanation as to why it was appropriate to assume causation. As shown in ECU's motion to exclude Howard (Dkt. 157), Howard's opinion regarding causation is not supported by "any evidence" to demonstrate that a lack of 90-day notice caused VLS to "actually lose some business or lose some customers" and Howard does not have any "opinion about whether VLS lost business or lost customers as a result of the lack of 90 days' notice." Howard Dep. (Dkt. 163-2) at 160:20—161:10. Luna provides no analyses or opinions to establish causation or liability and entirely relies on Howard's opinion to provide a methodology for causation. *See* Luna Dep. (Dkt. 164-5) at 24:20-25; 48:16—49:21; 50:14—51:3; 180:4-8; 186:15-25. Relying completely on Howard's opinion, Luna does not offer a conclusion on whether any "lack of opportunity" with customers could have caused any loss. *Id.* at 130:22—131:9. Nor does Luna provide a credible explanation as to why it was appropriate for her to assume causation, beyond stating that it was "beyond the scope of what [she] was asked to do." *Id.* at 51:4-9. Luna's assumption of

causation is entirely unsupported and, therefore, her opinion is, as a matter of law, unreliable.

*Second*, even putting aside Luna's unsupported assumption of causation, her damages analysis is just as unreliable. VLS continues to mischaracterize Luna's damages model as "not based on the loss of individual customers, but rather on the loss of net profits from business in the region covered by the Agency Agreement." Opp. at 7.[3] This assertion, however, is belied by Luna's own analysis—which was based on her review of VLS's exports of full container loads and less than container loads by "*customer codes*." Luna Report (Dkt. 164-4) at ¶¶ 38-39; Luna Dep. (Dkt. 164-5) at 51:13-22; 51:25—53:4.[4]

Critically, as noted in the Motion, Luna's analysis of VLS's exports is speculative because she completely disregards other evidence in the record that bears upon calculating VLS's purported damages. She specifically excludes "new" customers (or customer codes) that brought increased sales and profits to VLS, post-termination; she fails to address other data in the record that pertains to damages or mitigation; and she employed no professional judgment and no recognized methodology in deciding to exclude various categories of VLS's business and

---

[3] VLS did not even plead lost profits in the operative complaint. *See* Dkt. 97. "[L]ost profits 'are more commonly special rather than general damages,'" and, as special damages, a plaintiff "must plead lost profits 'with particularity.'" *Love & War, LLC v. Wild Bunch A.G.*, CV183773DMGPLAX, 2020 WL 3213831, at *6 (C.D. Cal. Mar. 19, 2020). Although VLS acknowledges its damages are special damages, *see* Opp. at 13, VLS does not mention lost profits at all in its Second Amended Complaint.

[4] Damages based on "lost customers" is consistent with VLS's allegations, which state that the "absence of proper notice . . . deprived [VLS] of the opportunity to protect its interests with its customers, which allowed NEG and ECU to *wrongful obtain all of VLS's customers* through wrongful and unfair means." Dkt. 97 at ¶ 19; *see also id.* at ¶¶ 33, 36. 42, 49, 55, 65, 73, 80, 86.

possible profits and losses. *See* Mot. at 12. VLS's Opposition does not meaningfully address any of these deficiencies in her methodology.

Lastly, VLS does not contest that Luna failed to allocate damages by separate claims. *See* Motion (Dkt. 158) at 13. She does not distinguish between any of the claims in this matter—there is no separate damages analysis for breach of contract or the tort claims. It is entirely intermingled.

Consequently, the Court should exclude Luna's unreliable and unhelpful testimony. *See Sebastian Int'l, Inc. v. Russolillo*, 2005 WL 1323127, at *9 (C.D. Cal. Feb. 22, 2005) (finding damages speculative "in the absence of any evidence that would allow the jury to determine that Plaintiff's loss was caused by diversion by these Defendants and not another cause"); *Snyder v. Bank of Am., N.A.*, 2020 WL 6462400, at *6 (N.D. Cal. Nov. 3, 2020) (excluding expert as unreliable where opinion was based on information that expert never reviewed and was unsupported) (citing *Davis v. Carroll*, 937 F. Supp. 2d 390 (S.D.N.Y. 2013) ("Where expert testimony rests on inadequate factual foundations, problematic assumptions, or a misleadingly partial selection of relevant facts, it must be excluded under Rule 702."); *Powell v. Anheuser-Bush, Inc.*, 2012 WL 12953439, at *7 (C.D. Cal. Sept. 24, 2012) (excluding expert testimony where expert failed to consider relevant underlying facts or develop factual record)); *see also Merit Motors, Inc. v. Chrysler Corp.*, 569 F.2d 666, 673 (D.C. Cir. 1977) (expert testimony unhelpful because it made unsupported assumptions and ignored other pertinent factors).

**III. Luna Cannot Offer Opinions of Damages Incurred after the 90-Day Period Under The Agency Agreement**

VLS offers a tortured reading of the Agency Agreement, the record evidence, and applicable law to assert that Luna's opinions regarding damages after the 90-day notice period are relevant and appropriate. Opp. at 11-16. Controlling law requires

that Luna's opinion regarding damages for a ten-year time period be excluded as irrelevant, unreliable, and unhelpful.

*First*, VLS wrongly claims that ECU's argument is a "belated summary judgment issue" that should not be presented through a motion in limine. Opp. at 11. On the contrary, ECU's motion is evidentiary in nature, seeking to prevent the entry of *irrelevant* and *unhelpful* testimony into evidence. *See Citrilite Co., Inc. v. Cott Beverages, Inc.*, 2011 WL 284915, at *2, 7 (E.D. Cal. Jan. 25, 2011) (recognizing expert's damages projection of lost profits were violative of California law and noting that motion in limine is appropriate vehicle to exclude certain expert opinions from admission at trial after summary judgment phase).

*Second*, VLS completely misapplies California law and misconstrues the notice provision in the Agency Agreement. In essence, VLS asserts that well-established law limiting damages for at-will contracts to the contract notice period does not apply because the notice provision in the Agency Agreement required NEG to comply with the non-compete in Section 2.02 for a period of one year after termination. Opp. at 11-14. That still does not explain how it was appropriate to extrapolate ten years from a one-year period, but in any event, this argument is unavailing because VLS does not assert that its contract claim is based upon a breach of the non-compete provision. Thus, VLS cannot seek damages beyond the 90-day period and, therefore, Luna's opinion of damages for ten years should be excluded.[5]

---

[5] Moreover, at worst, even if VLS's interpretation of California law and the notice provision is correct (it's not), VLS is conceding that its purported damages would be limited to 90 days plus 12 months from December 2017. Further, Howard's Report contains no conclusion that 10 years is an appropriate damages period. *See* Dkt. 163-1 (Howard Rep.). Howard's invitation to speculate, initiated by VLS's attorney at deposition, about a longer damages period, is without foundation and is also inadmissible. *See* ECU's Reply in support of Motion to Exclude Howard (Dkt. 185).

*Third*, VLS makes the argument—for the first time in this case—that the Agency Agreement was never terminated. Opp. at 14. This argument is belied by the record and VLS's own pleadings. VLS has never pled that the Agency Agreement remains in effect or remained in effect for a period of time after December 2017. Dkt. 97. The record shows that VLS never acted as if the agreement remained in effect. VLS never made any demands on NEG to perform as its agent after December 2017. In fact, VLS actively prevented NEG from performing as its agent. This argument is addressed in more detail in Defendants' reply brief in support of the motion to preclude argument about post-termination violation of the non-compete (Dkt. 183).

*Finally*, VLS's reliance on *Nuasive, Inc. v. Madsen Medical, Inc.*, 2015 WL 10943609 (S.D. Cal. 2015) in support of argument that the *Martin* line of cases do not apply to the claims for tortious interference with, and inducement to breach, the Agency Agreement is entirely misplaced. The unpublished decision in *Nuasive* fails to recognize that actual damages for a tortious interference claim should be the same as a breach of contract claim. *See In re Tamen*, 22 F.3d 199, 206 (9th Cir. 1994) ("Damages for breach of contract are, of course, computed as the profits [plaintiff] would have earned had the contract been performed. The same rule applies to [plaintiff's] tortious interference claim.") (citing Restatement (Second) of Torts § 774A cmt. b); *Am. Nat. Petroleum Co. v. Transcon. Gas Pipe Line Corp.*, 798 S.W. 2d 274, 278 (Tex. 1990) ("The basic measure of actual damages for tortious interference with contract is the same as the measure of damages for breach of the contract interfered with, to put the plaintiff in the same economic position he would have been in had the contract interfered with been actually performed.").

It is uncontested that California law clearly limits breach of contract damages to the notice period for termination of an at-will contract. *See N.B. Scrivner & Wilson, Inc. v. Mobil Oil Corp.*, 914 F.2d 263 (9th Cir. 1990); *Strategic Concepts, LLC v. Beverly Hills Unified Sch. Dist.*, 232 Cal. Rptr. 3d 579, 589 (Ct. App. 2018). It would

be completely illogical for VLS to be able to recover more from ECU than it can from NEG for the consequences of the same purported harm—NEG's alleged breach of contract by purportedly failing to provide 90-days' notice of termination.

This is further buttressed by the fact that Luna presents only a single, unified damage theory as to all claims—both contract and tort. There is no separate analysis opining as to tort damages, independent of and in addition to the alleged contract damages. Without a separate damages analysis demonstrating that different damages flowed from the different claims and different categories of purportedly wrongful conduct, VLS is limited to the same contract damages analysis proffered by Luna, and those contract damages must be limited to the 90-day period set forth in the Agreement. The *Nuasive* case (2015 WL 10943609) does not help VLS. That case did not involve a claim where the only damages analysis combined all alleged claims into one analysis.

Accordingly, because Luna's opinion does not calculate damages for a 90-day period, the Court should exclude her opinion as unhelpful and irrelevant to the calculation of any damages award.

**IV.   VLS Implicitly Concedes That Luna's Factual Narrative and Her Opinions Regarding Damages for Unjust Enrichment and Contractual Interpretation Are Inadmissible**

In its Opposition, VLS does not contest, and, therefore, concedes that Luna's interpretation of contractual provisions, *see*, *e.g.*, Luna Report (Dkt. 164-4) at ¶ 17, 21, opinions of NEG's intent, Luna Dep. (Dkt. 164-5) at 202:4-22, "observations" that are not a professional opinion, *see*, *e.g.*, *id.* at 134:19—135:3; 189:23—190:1; 195:11—197:13, and factual narrative, Luna Report (Dkt. 164-4) at ¶ 9-34, should be excluded. VLS also does not dispute that Luna disclaimed any theory of recovery based on lost profits without mitigation and, therefore, that portion of her report and declaration should be excluded. Lastly, VLS implicitly concedes that Luna's unjust

enrichment theories are barred as a result of the Court's summary judgment ruling and, therefore, should be excluded. *See* Mot. at 14.

Dated: September 19, 2022

IRELL & MANELLA LLP
Bruce A. Wessel

By: /s/ Bruce A. Wessel
    Bruce A. Wessel

Attorneys for Defendant
EconoCaribe Consolidators, Inc.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

By: /s/ Darrell Payne
    Darrell Payne

By: /s/ Veronica L. de Zayas

*Pro Hac Vice* Counsel for Defendant EconoCaribe Consolidators, Inc.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276.

On September 19, 2022, I served the foregoing document described as Defendant Econocaribe Consolidators, Inc.'s Reply in Support of Its Motion to Exclude Barbara C. Luna and Strike Her Reports and Declaration on each interested party, by email, as follows:

| | | |
|---|---|---|
| David S Porter, Esq.<br>Law Offices of David S. Porter<br>17011 Beach Blvd.,<br>Suite 900,<br>Huntington Beach, CA 92647 | Telephone: (714) 444-5992 Fax: (714) 960-9229<br>Email: dporter@dporterlaw.com | Attorneys for Plaintiff, Vanguard Logistics Services (USA), Inc. |
| Merak Eskigian<br>Mark Goshgarian<br>Goshgarian and Associates PLC<br>23901 Calabasas Road, Suite 2073<br>Calabasas, CA 91302-1542 | Telephone: (818) 519-9000<br>Fax:  (818) 591-0810<br>Email: meskigian@gmlawplc.net<br>Email: mgoshgarian@gmlawplc.net | Attorneys for Plaintiff, Vanguard Logistics Services (USA), Inc. |
| Adam P. Zaffos, Esq.<br>Fernald Law Group APC<br>510 West 6th Street, Suite 700<br>Los Angeles, CA 90014 | Telephone: (323) 410-0327<br>Facsimile: (323) 410-0330<br>Email: adam@fernaldlawgroup.com | Attorneys for Groupage Services of New England, LLC a Massachusetts limited liability company |
| Darrell Payne, Esq.<br>Veronica de Zayas, Esq.<br>Stearns Weaver Miller Weissler Alhadeff &<br>Sitterson, P.A.<br>150 W. Flagler Street<br>Suite 2200<br>Miami, FL 33130 | Telephone: (305) 789-3200<br>Fax: 305-789-2650<br>Email:<br>dpayne@stearnsweaver.com<br>vdezayas@stearnsweaver.com | Attorneys for Econocaribe Consolidators, Inc. |
| Bruce Wessel, Esq.<br>Irell & Manella LLP<br>1800 Avenue of the Stars<br>Suite 900<br>Los Angeles, CA 90067 | Telephone: (310) 203-7045<br>Email: BWessel@irell.com | Attorneys for Econocaribe Consolidators, Inc. |

☒ (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party, as stated on the attached service list. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Irell & Manella LLP, Los Angeles, California. I am readily familiar with Irell & Manella LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☒ (BY ELECTRONIC MAIL) I caused the foregoing document to be served electronically by electronically mailing a true and correct copy through Irell & Manella LLP's electronic mail system to the e-mail address(es), as stated on the attached service list, and the transmission was reported as complete and no error was reported.

Executed on September 19, 2022, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Bruce A. Wessel
(Type or print name)                                             (Signature)

**MAILING LIST**

| | | |
|---|---|---|
| David S Porter, Esq.<br>Law Offices of David S. Porter<br>17011 Beach Blvd., Suite 900,<br>Huntington Beach, CA 92647<br>(by e-mail only) | Telephone: (714) 444-5992<br>Fax: (714) 960-9229<br>Email: dporter@dporterlaw.com | Attorneys for Plaintiff, Vanguard Logistics Services (USA), Inc. |
| Adam P. Zaffos, Esq.<br>Fernald Law Group APC<br>510 West 6th Street, Suite 700<br>Los Angeles, CA 90014 | Telephone: (323) 410-0327<br>Facsimile: (323) 410-0330<br>Email: adam@fernaldlawgroup.com | Attorneys for Groupage Services of New England, LLC a Massachusetts limited liability company |
| Darrell Payne, Esq.<br>Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.<br>150 W. Flagler Street<br>Suite 2200<br>Miami, FL 33130 | Telephone: (305) 789-3200<br>Fax: 305-789-2650<br>Email: dpayne@stearnsweaver.com | Attorneys for Econocaribe Consolidators, Inc. |
| Bruce Wessel, Esq.<br>Irell & Manella LLP<br>1800 Avenue of the Stars<br>Suite 900<br>Los Angeles, CA 90067 | Telephone: (310) 203-7045<br>Email: BWessel@irell.com | Attorneys for Econocaribe Consolidators, Inc. |