STEARNS WEAVER MILLER
WEISSLER ALHADEFF & SITTERSON P.A.
Darrell W. Payne, *pro hac vice*
Fla. Bar No. 773300
dpayne@stearnsweaver.com
Veronica L. de Zayas, *pro hac vice*
Florida Bar No. 91284
vdezayas@stearnsweaver.com
150 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-2650

IRELL & MANELLA LLP
Bruce A. Wessel, SBN 116734
bwessel@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:  (310) 277-1010
Facsimile:  (310) 203-7199

Attorneys for Defendant
Econocaribe Consolidators, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANGUARD LOGISTICS SERVICES (USA), INC., formerly known as NACA LOGISTICS (USA), INC., <br><br> Plaintiff, <br><br> vs. <br><br> GROUPAGE SERVICES OF NEW ENGLAND, LLC; ECONOCARIBE CONSOLIDATORS, INC., d/b/a ECU WORLDWIDE & ECU WORLDWIDE (USA); and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 2:18-cv-00517-DSF-GJS <br><br> DEFENDANT ECONOCARIBE CONSOLIDATORS, INC.'S TRIAL BRIEF [Local Rule 16-10] <br><br> TRIAL DATE: <br> October 18, 2022 <br> Judge: Hon. Dale S. Fischer <br> Ctrm: 7D |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16-10(c), Defendant EconoCaribe Consolidators, Inc. ("ECU") submits this Trial Brief to reply to Memorandum of Contentions of Fact and Law, dated September 12, 2022 [Dkt. No. 175] (VLS Memo of Law) submitted by Plaintiff Vanguard

Logistics Services (USA), Inc. ("VLS"). ECU filed its own Memorandum of Contentions of Fact and Law submitted [Dkt. No. 179] ("ECU Memo of Law") on September 12, 2022 pursuant to Local Rule 16-4. The Court has not directed the parties to brief any issues. L.R. 16-10(a)-(b) but ECU stands ready to address issues of law that may arise during trial.

## Reply to Plaintiff's Memorandum of Contentions of Fact and Law

ECU incorporates the ECU Memo of Law and ECU's summary of the law and facts in Final Pre-Trial Conference [Dkt. No. 189] at pg. 81-90 and specifically responds to the following in the VLS Memo of Law:

### I. VLS's Statement of the Elements of the Seventh Cause of Action: Inducing Breach of Contract Is Incomplete

VLS fails to state that, in addition to the elements it set forth for the Seventh Cause of Action (Inducing Breach of Contract), VLS must prove the following:

The inducement element requires plaintiff to show that the defendant actively and affirmatively induced a breach. *Imperial Ice v. Rossier*, 18 Cal.2d 33, 37 (1941). "One does not induce another to commit a breach of contract with a third person . . . when he merely enters into an agreement with the other with knowledge that the other cannot perform both it and his contract with the third person. . . . For instance, B is under contract to sell certain goods to C. He offers to sell them to A, who knows of the contract. A accepts the offer and receives the goods. A has not induced the breach and is not subject to liability." *ACO Pacific v. ACO*, 70 F.3d 1277 (9th Cir. 1995) (applying California law).

Moreover, proof of damages cannot be speculative. *Assoc. Gen'l Contractors of Cal., Inc. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 532 n.26 (1983). Lost profits damages must be proven to be certain as to their occurrence and their extent. *Lewis George Constr. Mgmt., Inc. v. Pomona Unified Sch. Dist.*, 3 Cal. 4th 960, 975 (2004). No damages can be recovered for breach of contract or inducing breach of contract that are not clearly ascertainable in both their nature

and origin. Cal. Civil Code section 3301. Moreover, damages resulting from any breach of contract that is terminable upon the giving of notice is limited to the period of the notice. *Martin v. U-Haul Co. of Fresno*, 204 Cal. App. 3d 396, 407 (1988).

As the evidence will show (as set out more fully in ECU's Memo of Law at 2-10), NEG made the decision on it own to end its at-will contractual relationship with VLS. NEG's final decision to send a notice of termination on December 21, 2017 followed VLS's December 11, 2017 termination of the NEG/VLS warehouse arrangement. VLS's acts caused NEG's to terminate the at-will agreement. ECU did not cause NEG to terminate its contractual relationship with VLS. Nor did ECU direct or cause the form of the notice of termination that NEG gave to VLS. If the Court were to find any breach of the NEG/VLS agreement, ECU did not "actively and affirmatively" induce those breaches and, therefore, VLS's claim for inducing breach fails.

## II.   VLS's Statement of the Elements of the Eighth Cause of Action: Intentional Interference with Contractual Relations Is Incomplete

VLS fails to state that, in addition to the elements it set forth for the Eighth Cause of Action (Intentional Interference with Contractual Relations), VLS must prove the following:

For a claim for interference with an at-will contract, the plaintiff must prove the additional element of independently wrongful conduct. *Ixchel Pharma, LLC v. Biogen, Inc*., 9 Cal. 5th 1130 (2020). An act is independently wrongful only if it is proscribed by some determinable legal standard. *Id.* at 1142. An "act is not independently wrongful merely because defendant acted with an improper motive." *Nelson v. Tucker Ellis, LLP,* 48 Cal. App. 5th 827, 842 (2020).

Additionally, "[t]he economic relationship between parties to contracts that are terminable at will is distinguishable from the relationship between parties to other legally binding contracts." *Ixchel*, 9 Cal. 5th at 1144-45 (citing *Reeves v.*

*Hanlon*, 33 Cal. 4th 1140, 1151 (2004)).

For the same reasons outlined in Section I, *supra*, the evidence will demonstrate that ECU did not cause NEG to breach the Agency Agreement or otherwise interfere with the relationship. Further VLS has not suffered any provable damages owing to ECU's conduct.

Moreover, the evidence will show (as set out more fully in ECU's Memo of Law at 10-11), that there was no independent wrongful conduct on the part of ECU. There is no evidence of any fraud, misrepresentations or illegal or illicit conduct by ECU. ECU, as a competitor in the marketplace, exchanged proposals with NEG and discussed and considered future business prospects. This is lawful competition and not independently wrongful conduct.

### III. VLS Cannot Assert That NEG Breached Non-Compete in the Agency Agreement

VLS does not set forth any law in its Memo of Law on the issue of whether NEG was prohibited from directly or indirectly competing with VLS for one year following termination of the Agency Agreement. Nor does VLS identify this issue as an issue of law for the Court to adjudicate. *See* VLS Memo at 106. As a result, VLS has abandoned this issue.

VLS has admitted that there is no breach of contract claims or claims against ECU relating to the non-compete for conduct occurring after termination. *See* Dkt. 172 at 5 (VLS stating that it is "not pursuing a claim for damages based on a theory of breach of the post-termination noncompete provisions of Sec. 2.02(a)"). This explains why VLS does not address the issue in the VLS Memo.

In any event, the non-compete contained in the Agreement is inapplicable because section 2.02(a)(i) purports to impose a geographic restriction of only 100 miles from a VLS facility and the evidence will show that VLS has no business office or facility located or operating within 100 miles of NEG's offices and warehouse location in Holbrook, Massachusetts. The evidence will show that VLS

made the strategic decision to never open a Boston office. The closest VLS location is well over 100 miles from Boston.

Moreover, the Agency Agreement's noncompete provision is unenforceable under California law, which strongly disfavors restraints on trade. In California, "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Cal. Bus. & Prof. Code § 16600. "The statute embodies the settled public policy in California that favors open competition." *Nulife Ventures, Inc. v. Avacen, Inc.*, No. 20-CV-2019-BAS-KSC, 2020 WL 7318122, at *11 (S.D. Cal. Dec. 11, 2020).

Upon certification by the Ninth Circuit, the California Supreme Court clarified that "section 16600 applies to business contracts," and is not limited to employment contracts. *Ixchel*, 470 P. 3d at 1149-50. Under section 16600, "covenants not to compete are generally unenforceable," save for the exceptions listed in sections 16601 through 16603. *Nulife Ventures, Inc.*, 2020 WL 7318122 at *11. None of those exceptions, such as sale of a business or dissolution, apply here. *Id*. (citing Cal. Bus. & Prof. Code §§ 16601–03.)

"Where, as here, no exceptions to section 16600 apply, the court must apply the reasonableness standard and examine whether the contractual restraint unreasonably deters competition given the purpose and effect of each contract." *Nulife Ventures, Inc.*, 2020 WL 7318122 at *11 (citing *Ixchel*, 470 P. 3d at 1150). That inquiry, known as the "rule of reason," asks "whether an agreement harms competition more than it helps" by considering "the facts peculiar to the business in which the restraint is applied, the nature of the restraint and its effects, and the history of the restraint and the reasons for its adoption." *Ixchel*, 470 P. 3d at 1150.

"[A]n employer cannot by contract restrain a former employee from engaging in his or her profession, trade, or business . . . ." *Edwards v. Arthur Andersen*, 44 Cal. 4th 937 (2008). "[T]he rationale in Edwards focused on policy

- 5 -

considerations specific to employment mobility and competition." *Ixchel*, 470 P.3d at 587. The non-compete contained in the Agency Agreement as it relates to NEG employees is void and unenforceable under *Edwards*. In addition, because NEG is a small business owned by one family, the non-compete has the attributes of an employee non-compete, which is a factor in the rule of reason analysis.

The VLS non-compete as relates to NEG as a company is also void because the restriction "harms competition more than it helps." It harms competition because it would remove NEG and its employees from the marketplace for a year, denying companies in New England the services of these people. The marketplace would be less competitive and customers would be less well-served, and likely facing higher prices, if their choices were limited to market participants other than NEG. It would also deny companies the opportunity to use NEG's warehouse with NEG also acting as an agent. Finally, it would work as a restriction on the employees of NEG, such as Joe Meunier, Janice Meunier, and David Peters, seeking to impermissibly restrain them from engaging in their profession and business.

*NuLife Ventures* is instructive. There, the court held that NuLife, a multi-level marketing company, did not demonstrate the ability of prevailing on the merits of breach of contract claims grounded on non-compete clauses because they were unenforceable. The clauses restricted the ability of an independent brand partner to practice their sales profession in the industry, which rely on a sales agent's recruitment of new sales agents. *Nulife Ventures, Inc.*, 2020 WL 7318122 at *11. The same is true here.

### IV. VLS Has Abandoned Its Tenth Cause of Action: Unfair Competition

In its Memo of Law, VLS summarizes its claim for unfair competition under Section 17200 of the California Business and Professions Code [Claim 10] against ECU. Memo of Law at 81-92. VLS, however, has since abandoned that claim as

confirmed by counsel for Vanguard and as reflected in the Final Pretrial Conference Order. Dkt. No. 189; *see* C.D. Cal. L.R. 16 at Appendix to Local Rules, Pretrial Form No. 1, ¶ 7 ("If a party chooses to abandon a claim or defense previously alleged, it may do so by not including it in this order, and the failure to include any pleaded claim or defense will be deemed to effect such a waiver.").

## V. VLS Has No Claim for Attorney Fees against ECU

In its Memo of Law, VLS states that it "may be entitled to its attorney's fees under Civil Code Sec. 1717." But VLS has no basis to recover any attorney's fees from ECU in the event VLS were to prevail on its tortious interference claims because ECU is not a party to the Agency Agreement. *See* Cal. Civ. Code § 1717 (fees may be awarded by the court to a prevailing party in an "action on a contract" for fees "incurred to enforce that contract").

ECU, however, is entitled to recover its attorneys' fees incurred in connection with VLS's dismissal of its trade secret claims (Claims 2 and 3, under the First Amended Complaint), with prejudice (*see* Dkt. 96 and Dkt. 97), pursuant to under 18 U.S.C. § 1836(3)(D) and Cal. Civ. Code § 3426.4, because VLS's trade secret claims were in bad faith as more fully discussed in Section VI of ECU's Memo of Law.

Dated: October 11, 2022

IRELL & MANELLA LLP
Bruce A. Wessel
By: /s/ Bruce A. Wessel
    Bruce A. Wessel
    Attorneys for Defendant
    EconoCaribe Consolidators, Inc.

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.

By: /s/ Darrell Payne
    Darrell Payne

By: /s/ Veronica L. de Zayas

*Pro Hac Vice* Counsel for
Defendant EconoCaribe
Consolidators, Inc.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276.

On October 11, 2022, I served the foregoing document described as DEFENDANT ECONOCARIBE CONSOLIDATORS, INC.'S TRIAL BRIEF [Local Rule 16-10] on each interested party, by email, as follows:

| | | |
|---|---|---|
| David S Porter, Esq.<br>Law Offices of David S. Porter<br>17011 Beach Blvd.,<br>Suite 900,<br>Huntington Beach, CA 92647 | Telephone: (714) 444-5992 Fax: (714) 960-9229<br>Email: dporter@dporterlaw.com | Attorneys for Plaintiff, Vanguard Logistics Services (USA), Inc. |
| Merak Eskigian<br>Mark Goshgarian<br>Goshgarian and Associates PLC<br>23901 Calabasas Road, Suite 2073<br>Calabasas, CA 91302-1542 | Telephone: (818) 519-9000<br>Fax: (818) 591-0810<br>Email: meskigian@gmlawplc.net<br>Email: mgoshgarian@gmlawplc.net | Attorneys for Plaintiff, Vanguard Logistics Services (USA), Inc. |
| Adam P. Zaffos, Esq.<br>Fernald Law Group APC<br>15910 Ventura Blvd., Ste. 1702<br>Encino, CA 91436 | Telephone: (323) 410-0320<br>Facsimile: (323) 410-0330<br>Email: adam@fernaldlawgroup.com | Attorneys for Groupage Services of New England, LLC a Massachusetts limited liability company |
| Darrell Payne, Esq.<br>Veronica de Zayas, Esq.<br>Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.<br>150 W. Flagler Street<br>Suite 2200<br>Miami, FL 33130 | Telephone: (305) 789-3200<br>Fax: 305-789-2650<br>Email: dpayne@stearnsweaver.com<br>vdezayas@stearnsweaver.com | Attorneys for Econocaribe Consolidators, Inc. |
| Bruce Wessel, Esq.<br>Irell & Manella LLP<br>1800 Avenue of the Stars<br>Suite 900<br>Los Angeles, CA 90067 | Telephone: (310) 203-7045<br>Email: BWessel@irell.com | Attorneys for Econocaribe Consolidators, Inc. |

(BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party, as stated on the attached service list. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Irell & Manella LLP, Los Angeles, California. I am readily familiar with Irell &

Manella LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☒ (BY ELECTRONIC MAIL) I caused the foregoing document to be served electronically by electronically mailing a true and correct copy through Irell & Manella LLP's electronic mail system to the e-mail address(es), as stated on the attached service list, and the transmission was reported as complete and no error was reported.

Executed on October 11, 2022, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| Bruce A. Wessel | /s/ Bruce A. Wessel |
|---|---|
| (Type or print name) | (Signature) |

# MAILING LIST

| | | |
|---|---|---|
| David S Porter, Esq.<br>Law Offices of David S. Porter<br>17011 Beach Blvd.,<br>Suite 900,<br>Huntington Beach, CA 92647<br>(by e-mail only) | Telephone: (714) 444-5992<br>Fax: (714) 960-9229<br>Email:<br>dporter@dporterlaw.com | Attorneys for Plaintiff,<br>Vanguard Logistics<br>Services (USA), Inc. |
| Adam P. Zaffos, Esq.<br>Fernald Law Group APC<br>15910 Ventura Blvd., Ste. 1702<br>Encino, CA 91436 | Telephone: (323) 410-0320<br>Facsimile: (323) 410-0330<br>Email:<br>adam@fernaldlawgroup.com | Attorneys for<br>Groupage Services of<br>New England, LLC a<br>Massachusetts limited<br>liability company |
| Darrell Payne, Esq.<br>Stearns Weaver Miller Weissler<br>Alhadeff &<br>Sitterson, P.A.<br>150 W. Flagler Street<br>Suite 2200<br>Miami, FL 33130 | Telephone: (305) 789-3200<br>Fax: 305-789-2650<br>Email:<br>dpayne@stearnsweaver.com | Attorneys for<br>Econocaribe<br>Consolidators, Inc. |
| Bruce Wessel, Esq.<br>Irell & Manella LLP<br>1800 Avenue of the Stars<br>Suite 900<br>Los Angeles, CA 90067 | Telephone: (310) 203-7045<br>Email: BWessel@irell.com | Attorneys for<br>Econocaribe<br>Consolidators, Inc. |