**FERNALD LAW GROUP APC**
ADAM P. ZAFFOS (BAR NO. 217669)
SASHA N. BROWER (BAR NO. 221198)
15910 Ventura Blvd., Suite 1702
Encino, California 91436
Telephone:   (323) 410-0320
Facsimile:    (323) 410-0330
E-Mail:    adam@fzlaw.com
           sasha@fzlaw.com

*Attorneys for Defendant and Counterclaimant,*
*Groupage Services of New England, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANGUARD LOGISTICS SERVICES (USA), INC., a California corporation, formerly known as NACA LOGISTICS (USA), INC., a California corporation,<br><br>                    Plaintiffs,<br><br>         v.<br><br>GROUPAGE SERVICES OF NEW ENGLAND, LLC, a Massachusetts limited liability company; ECONOCARIBE CONSOLIDATORS, INC., d/b/a ECU WORLDWIDE & ECU WORLDWIDE (USA); and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No.  2:18-cv-00517-DSF-GJS<br><br>**REPLY IN SUPPORT OF DEFENDANT GROUPAGE SERVICES OF NEW ENGLAND, LLC'S MOTION FOR JUDGMENT ON PARTIAL FINDINGS**<br><br>TRIAL DATE:<br>October 18, 2022<br>Judge: Hon. Dale S. Fischer<br>Ctrm: 7D |

Defendant and Counterclaimant Groupage Services of New England, LLC ("NEG") submits this reply in support of its motion for judgment on partial findings pursuant to Federal Rule of Civil Procedure 52(c) (Docket No. 255):

## I.   SUMMARY OF REPLY

NEG sought partial findings on four narrow issues concerning VLS' recoverable damages.

First, NEG seeks a finding that VLS' contract damages, if any, are limited to the 90-day notice period. The arguments in opposition are unavailing because VLS does nothing more than try to bootstrap in its tort claim to extend the recoverable period of contract damages. Fundamentally, contract damages are distinct from tort damages and applicable case law is abundantly clear that the measure of damages for any breach of a contract that is terminable upon the giving of notice is limited to the period of the notice. Here, that is 90 days.

Second, NEG seeks a finding that VLS does not seek damages for any breach of Section 2.02. Having admitted that it does not allege a breach of Section 2.02 other than its misappropriation claim, and having dismissed its misappropriation claim with prejudice, VLS does not seek damages for any breach of Section 2.02. VLS argues that a breach of Section 2.02 is relevant to prove that NEG failed to comply with the termination requirements of Section 3.03. Again, VLS is attempting to find some way to extend its damages beyond the 90-day notice period. Section 3.03 merely provides that the non-compete provision in Section 2.02 survives for one year beyond termination. It does not create a claim for damages where none are sought.

Third, NEG seeks a finding that VLS does not seek any damages sustained prior to its revocation of NEG's agency therefore there are no damages proximately caused by any breached tort duty. On this point, VLS tries to implicate contract obligations to demonstrate a tort claim (again hoping to extend the period of recoverable damages), but it ultimately fails to demonstrate any connection between the alleged tortious wrongdoing and resulting damages.

Fourth, NEG seeks a finding that there is no basis for punitive damages. VLS argues that it has demonstrated damages necessary to recover on its tort claims. But, at the end of the day, VLS has not proven it is entitled to recover tort damages and its contract claim cannot support the recovery of punitive damages.

After waffling on its claims and positions through years of litigation, the time has come for VLS to commit to its position. It has still failed to do so. VLS contends NEG breached the Agreement by not providing 90-days' notice and immediately terminating but also that NEG never properly terminated the Agreement and damages continue to accrue. VLS admits that it does not contend there was a breach of Section 2.02 after the termination of the Agreement, but also that the mere existence of Section 2.02 operates to extend the recoverable period to more than 90 days. VLS claims NEG breached its duty obligations to VLS during the Agreement, but also that it did not incur damages until it received Mr. Fencer's letter and cut off any authority NEG had to act as its agent. VLS claims it is entitled to recover tort damages but did not present any evidence connecting its damages to the conduct alleged or show how those damages differ from the contract damage analysis performed by its experts. The list goes on and on.

In sum, VLS is dancing around its admissions hoping to latch onto an argument that can maximize its recoverable damages. No matter how VLS tries to contort a contract claim into a tort claim or rely on a contract provision that it admittedly does not contend was breached as the source of its damages, the fact remains that the Agreement and relationship came to an end on December 21, 2017. The fact that VLS did not fare as well as NEG in the aftermath does not leave NEG liable for 10 years of damages.

## II. ISSUES FOR PARTIAL FINDINGS

### A. By VLS's Own Admission, Section 2.02 is Irrelevant.

VLS unequivocally admitted that its "breach of contract claim is not based upon and does not allege a breach of Section 2.02(a) of the Agency Agreement for

conduct which occurred after the term of the Agency Agreement except with respect to misappropriation of trade secrets." (Ex. 2029, Response Nos. 3.) This is entirely consistent with VLS's own allegations which *do not allege* a breach of Section 2.02 after the Agreement was terminated. (Pretrial Conference Order, Docket No. 189 at p. 17:20-18:9.)

VLS now tries to bootstrap an additional one-year period of recoverable contract damages by contending that Section 3.03 (the termination provision) provides that Section 2.02 (the non-compete provision) survives for one-year after termination of the Agreement. Sure, Section 3.03 does state that Section 2.02 survives termination for a period of one year. But Section 2.02 is *completely immaterial* since VLS admittedly does not seek damages for a breach of Section 2.02 occurring after the term of the Agreement.

The trade secret claim was dismissed with prejudice and VLS presented no evidence at trial concerning any purported misappropriation. VLS knew it would not be able to present a viable claim for misappropriation because freight customers are non-exclusive and readily identifiable throughout the industry. VLS could have attempted to pursue damages for a breach of Section 2.02 after the Agreement terminated. It elected not to and cannot now revive that claim.

VLS' attempt to sidestep its own admission is of no moment. So too is the argument concerning the enforceability of Section 2.02. VLS is not entitled to recover damages for something it is admittedly not pursuing.

**B. Section 2.02 Does Not Change the Fact that VLS's Recoverable Contract Damages are Limited to the 90-Day Notice Period in Section 3.03.**

As noted above, VLS hangs onto the noncompete provisions of Section 2.02 in hopes of extending the recoverable period of damages. There is simply no merit in its argument.

VLS continues to conflate contract and tort damages. In an attempt to distinguish case law that is directly on point and clearly limits VLS' recoverable

damages, VLS tries to distinguish *Martin v. U-Haul Co. of Fresno*, 204 Cal.App.3d 396, 409 (Cal. Ct. App. 1988) arguing that there were no fiduciary obligations at play in *Martin.* But it makes no difference. The finding NEG seeks deals exclusively with the limitation on *contract* damages.

"[N]o person can recover a greater amount in damages for the breach of an obligation, than he could have gained by the full performance thereof on both sides." Civ. Code, § 3358. As noted in *Martin,* had U-Haul followed the notice requirements in the dealership contract it could have terminated Martin's dealership after providing a 30-day notice. *Id.* at p. 410. Full performance by U-Haul would have only resulted in an additional 30 days of U-Haul dealership business for Martin. *Id.* That 30-day period is all that Martin could reasonably be assured of remaining in business. *Id.*

The exact same rationale applies here. Putting aside the fact that NEG contends VLS was already in breach of the Agreement by the time Mr. Fencer's letter was sent, NEG could terminate the Agreement on 90-days' notice. Therefore, full performance by NEG would have only resulted in an additional 90 days of NEG business for VLS. VLS is not entitled to anything more than that.

As for VLS's argument that Section 2.02 somehow extended that period for an additional year, it is completely immaterial. Even assuming Section 2.02 is applicable and enforceable, that provision does not require *full performance* from NEG for an additional year after termination under Section 3.03. It only obligates NEG to not compete within 100 miles of a VLS facility (which there was none). They are completely distinct contractual obligations and VLS *does not seek* damages for a breach of Section 2.02.

VLS' argument is simply a misguided attempt to fashion a basis to extend the recoverable period of damages premised on conduct that was not even at issue at trial. Even if VLS proved that NEG breached the Agreement by sending Mr. Fencer's letter (a premise NEG flatly rejects), VLS could not force NEG to perform beyond 90 days. Therefore, VLS' recoverable damages are limited to the 90-day notice period.

**C. VLS Cannot Recover Separate or Additional Tort Damages.**

There is no need to rehash the undisputed facts. NEG had contract obligations and tort obligations. To recover in tort (in addition to or separately from the contract claim), VLS must have sustained damages arising from the breach of a duty that gives rise to tort liability. An omission to perform a contract obligation is never a tort, unless that omission is also an omission of a legal duty. *Erlich v. Menezes*, 21 Cal. 4th 543, 551, 981 P.2d 978, 983 (1999).

VLS argues that there were damages arising from the conduct committed by NEG while it was the agent of VLS, including years of conspiring with VLS's biggest competitor. It then points to NEG's purported improper termination of the Agreement as the basis of its damages, arguing that its "damages were initiated on December 21, 2017… when NEG suddenly announced that it was terminating the Agency Agreement effective immediately." (Docket No. 274, Opposition at p. 11:23-25.) At best, that is a breach of contract, nothing more.

What damages does VLS claim to have suffered as a result of conduct that allegedly occurred during prior to December 21, 2017? Even at this point, after the presentation of evidence and conclusion of trial, VLS has failed to answer that critical question because admittedly, VLS does not seek any damages prior to December 21, 2017.

Termination of the Agreement and revocation of NEG's agency authority are legally distinct, yet undisputedly occurred on the same date, December 21, 2017. At the point that VLS deemed NEG to have breached the Agreement, VLS fully and completely revoked any agency authority that NEG had to act for VLS. There were admittedly no damages incurred prior to VLS's revocation of the agency. VLS simply fails to connect the December 21, 2017 letter from Mr. Fencer to any resulting tort damages. And VLS' expert, Dr. Luna, did no separate analysis opining as to tort damages independent of, or in addition to, the alleged contract damages.

Ultimately, VLS did not present evidence of tort damages incurred prior to December 21, 2017 and made no effort to parse its contract damages and tort damages. Because VLS did not demonstrate that different damages flowed from the different claims and different categories of purportedly wrongful conduct, VLS is limited to the damage analysis proffered by Dr. Luna, and those contract damages, if any, must be limited to the 90-day period set forth in the Agreement.

### D. VLS Cannot Recover Punitive Damages.

As addressed above, VLS did not prove the necessary elements of the claims for breach of fiduciary and loyalty duties. VLS indisputably revoked any agency authority NEG had on December 21, 2017 and has failed to demonstrate that it suffered any tort damages separate from the contract damages. Punitive damages are not recoverable on a claim arising from contract (*Civ. Code* §3294) and because the claims for breach of fiduciary and loyalty duties necessarily fail there is no actionable independent tort on which punitive damages may be awarded. *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503, 516 (Cal. 1994).

### III. CONCLUSION

Based on the arguments in the moving papers and herein, and pursuant to Rule 52(c), NEG respectfully requests that the Court find: (1) that any contract damages VLS might recover, if any, are limited to the 90-day period after termination, (2) that VLS did not seek and is not entitled to any damages pursuant to Section 2.02, (3) that NEG is entitled to judgment in its favor and against VLS on VLS' second and third causes of action for breach of fiduciary duty and breach of duty of loyalty, and (4) that there is no basis for VLS' plea for punitive damages.

DATED: April 17, 2023            **FERNALD LAW GROUP APC**

By: _____
Attorneys for Defendant and Counterclaimant
Groupage Services of New England, LLC

# CERTIFICATE OF SERVICE

I, Jordan Patronete, declare that I am over the age of eighteen years and not a party to this action. I am employed in Los Angeles County, and my business address is: Fernald Law Group APC, 15910 Ventura Blvd., Suite 1702, Encino, California 91436.

On **April 17, 2023**, I hereby certify that a true and complete copy of the foregoing documents:

**REPLY IN SUPPORT OF DEFENDANT GROUPAGE SERVICES OF NEW ENGLAND, LLC'S MOTION FOR JUDGMENT ON PARTIAL FINDINGS**

have been served by forwarding said copy by electronic submission through my email the documents listed above to:

| | |
|---|---|
| Mark Goshgarian, State Bar No 105703<br>Merak Eskigian, State Bar No 115579<br>**GOSHGARIAN & ASSOCIATES, PLC**<br>23901 Calabasas Road, Suite 2073<br>Calabasas, California 91302-1542<br>Tel: (818) 591-9000<br>Fax: (818) 591-0810<br>Email: meskigian@gmlawplc.net<br>         mgoshgarian@gmlawplc.net<br><br>David S Porter, State Bar No 95989<br>**LAW OFFICES OF DAVID S. PORTER**<br>6522 Doral Dr.<br>Huntington Beach, California 92648<br>Tel: (714) 369-6068<br>Fax: (714) 444-0176<br>Email: dporter@dporterlaw.com | *Attorneys for Plaintiff/ Counter Defendant*<br>*Vanguard Logistics Services (USA), Inc.* |
| Bruce A. Wessel, Esq.<br>**IRELL & MANELLA LLP**<br>1800 Ave of Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel: (310) 277-1010<br>Fax: (310) 203-7199<br>Email: bwessel@irell.com | *Attorneys for Defendant/ Counter Claimant*<br>*Econocaribe Consolidators, Inc. dba ECU Worldwide and ECU Worldwide (USA)* |

Darrell W. Payne, Esq.
**STEARNS WEAVER MILLER WEISSLER ALHADEFF AND SITTERSON PA**
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Tel: (305) 789-3200
Fax: (305) 789-2650
Email: dpayne@stearnsweaver.com
cveguilla@stearnsweaver.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: April 17, 2023

_____
Jordan Patronete

- 3 -